IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:19-CR-9 |
| | : | |
| BRUCE EVANS SR. and | : | JUDGE A. RICHARD CAPUTO |
| BRUCE EVANS JR. | : | |
| | : | ELECTRONICALLY FILED |

_____

**MOTION TO AUTHORIZE SUBPOENA DUCES TECUM**
_____

Defendant Bruce Evan, Sr., by and through his undersigned counsel, respectfully moves this Honorable Court to authorize subpoenas duces tecum. In support of this Motion, Defendant states the following:

1. On January 8, 2019, Defendant Bruce Evans, Sr. was charged with 33 U.S.C. § 1319(c)(2)(A) – Failure to Operate and Maintain in Violation of a Clean Water Act ("CWA" Permit); 33 U.S.C. § 1319(c)(2)(A) – Discharge in Violation of a CWA Permit; and Title 18, United States Code §343 – Wire Fraud.

2. On August 23, 2019, this Court entered an Order requiring that pre-trial motions and briefs are due on or before October 2, 2019.

3.      A number of organizations possess evidence in this investigation that is relevant, admissible, specific and important to proving the innocence of the Defendant in this case.

4.      Defendant seeks the Court's authority to properly issue and serve a subpoena duces tecum pursuant to Fed. R. Crim. P. 17(c) upon the following entities: (1) Department of Environmental Protection; (2) Greenfield Township Sewer Authority; (3) AT&T; and (4) American Express.  (*See* corresponding Exhibits 1, 2, 3 and 4 attached collectively hereto.)  The documentation to be requested from these entities is relevant and admissible evidence, and the Defendant's requests are sufficiently specific.  *United States v. Nixon*, 418 U.S. 683, 700 (1974).

5.      Defendant asserts that the interests of a criminal defendant in an adversarial system of criminal justice demand the opportunity to develop all relevant facts in front of the deciding jury.  The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.  Compulsory process is fundamental to a right to a fair trial.  U.S. Const. amend. VI.

6.      The Sixth Amendment right to subpoena evidence in defense of federal criminal charges prevails over virtually all privileges. *Id.*

7.      The right of a criminal defendant to subpoena records in advance of trial minimizes delay at the time of trial. *United States v. Amirnazmi*, 645 F.3d 564, 595 (3d Cir. 2011).

8.      Rule 17(c) of the Federal Rules of Criminal Procedure fulfills the Constitutional mandate as follows:  A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

WHEREFORE, Defendant Bruce Evans, Sr. respectfully requests this Court grant the motion to authorize subpoenas duces tecum for the pre-trial production of all requested records.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Attorney for Defendant,
Bruce Evans, Sr.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date: October 2, 2019

## **CERTIFICATE OF NONCONCURRENCE**

I, Patrick A. Casey, hereby certify that Ms. Olshefski does not concur in this Motion.

/s/ Patrick A. Casey
Patrick A. Casey

Date:  October 2, 2019

# **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Motion to Authorize Subpoena Duces Tecum was served upon the following counsel of record via the Court's ECF system on this 2nd day of October, 2019:

Michelle L. Olshefski, Esquire
U.S. Attorney's Office
P.O. Box 309
235 North Washington Avenue
Scranton, PA 18501

Walter F. Casper, Jr., Esquire
P.O. Box 513
35 S. Church Street
Carbondale, PA 18407

/s/ Patrick A. Casey