# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:19-CR-9 |
| | : | |
| BRUCE EVANS SR. and BRUCE EVANS JR., | : | JUDGE A. RICHARD CAPUTO |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

_____

### DEFENDANT BRUCE EVANS SR.'S
### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO AUTHORIZE SUBPOENA DUCES TECUM

_____

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

The Government charged Defendant Bruce Evans Sr. with four counts of environment crimes (33 U.S.C. §1319) and seven counts of wire fraud (18 U.S.C. §1343).

The Government asserts, *inter alia*, that Defendant Evans Sr. is criminally responsible for the Greenfield Township Sewer Authority ("GTSA") violating its National Pollution Discharge Elimination Systems ("NPDES") permit between 2013 and 2017.   Additionally, the Government asserts that Defendant Evans Sr. defrauded the GTSA of $2,415.09.

In anticipation of trial, Defendant Evans Sr. exercises his right "to have compulsory process for having witnesses in his favor" pursuant to the Sixth Amendment to the United States Constitution, Fed. R. Crim. P. 17(c), and *United States v. Burr*, 25 F. Cas. 187, 191 (1807).

**Subpoena #1 for the PADEP**

The Pennsylvania Department of Environmental Protection ("PADEP") possesses records important to the defense of this action.  One defense of the Defendant includes showing that the PADEP frequently, over the course of two decades, appeared at the GTSA and had direct contact with Defendant Evans Sr.  Officials of the PADEP led representatives at the sewer authority to believe that GTSA was properly operating its sewer plant.  Such evidence supports a defense to the instant criminal action.  *United States v. Penn. Indust. Chem. Corp.*, 411 U.S. 655, 674-75 (1973) (detrimental reliance); *United States v. Pitt*, 193 F.3d 751, 755-58 (3d Cir. 1999) (actual and apparent governmental authority and entrapment by estoppel); *United States v. Weitzenhoff*, 35 F.3d 1275, 1290 (9th Cir. 1994) (entrapment by estoppel).  The records will show also that the PADEP recognized as the operators of the plant individuals other than the Defendant; and, specifically, the records will show that Defendant Evans Sr. was not a plant operator.  The

2

records will disclose numerous inspections in which the PADEP does not issue violations or admonitions; and, instead, approves the operation of the GTSA. These records directly relate to Counts 1-4 of the Indictment.

### Subpoena #2 for the GTSA

The GTSA possesses records necessary to demonstrate that Defendant Evans Sr. was not a plant operator. The Government has falsely charged Defendant Evans Sr. with operating the sewer plant in a way that violated its permit. The GTSA records will show through Defendant Evans Sr. that his employment was as a plant manager, not the plant operator, who was involved in issuing bills to recipients of the sewer services, maintaining bank accounts and reporting to the sewer board. The records will demonstrate that during 20-years of employment he never served as an operator. The records will also reveal an internal audit in which OTSA Board members were interviewed and provided exculpatory statements or impeachment evidence related to the Government allegations of environmental violations and fraud by Defendant Evans Sr. The Government charges Defendant Evans Sr. with fraud in Counts 6-13 of the Indictment related to expenses for the GTSA. The records sought will permit Defendant Evans Sr. to show his proper handling of all finances from 2000 to 2018. The GTSA records will provide

evidence to counsel for the defense to defend against both the allegations regarding the environmental crimes as well as the claims of fraud.

### Subpoena #3 for AT&T

AT&T possesses billing records related to Defendant Evans Sr.'s services to the GTSA. The federal government charges Defendant Evans Sr. with fraudulently charging the GTSA for payments in the amounts of $88.85 and $90.85 for a telephone bill. *See* Indictment, Counts 6-7. Obtaining these records is critical to the defense.

### Subpoena #4 for American Express

American Express possesses records related to purchases for the GTSA, and these records are critical to Defendant Evans Sr.'s defense against allegations of fraud. In Counts 6-13, the Government charged Defendant Evans Sr. with defrauding the GTSA in making purchases related to the sewer plant. Counts 10 and 11 of the Indictment specifically reference the American Express account and purchases which the Government claims were not authorized. Obtaining the American Express records is critical to the defense and will demonstrate proper billing and approved processes.

Defendant Evans Sr. requests that Court to order the issuance of the subpoenas attached to the Motion to Authorize Subpoena Duces Tecum.

## II. QUESTION PRESENTED

Should this Court grant subpoenas duces tecum for pre-trial production of records related to the defense pursuant to the Sixth Amendment of the United States Constitution, Fed. R. Crim. P. 17(c) and *United States v. Burr,* 25 F. Cas. 187, 191 (1807)?

SUGGESTED ANSWER:     Yes.

## III. AUTHORITY

Two hundred and twelve years ago, in *Burr*, 25 F. Cas. at 191 (1807), Chief Justice John Marshall enforced a subpoena duces tecum on behalf of the criminal defendant Aaron Burr who had subpoenaed a letter written to President Thomas Jefferson.  The Court stated:  "Yet it is a very serious thing, if such letter should contain any information material to the defense, to withhold from the accused the power to making use of it."  *Id.*, 25 F. Cas. at 192.  Justice Marshall found that, "the only ground laid for the Court to act upon is the affidavit of the accused; and from that the court is induced to order that the paper be produced, or the cause be

continued." *Id.* The records sought by Defendant Evans Sr. are as critical to the defense of the instant criminal case as those sought by Arron Burr.

**(a.) Constitutional**

The right of a criminal defendant to subpoena records in advance of trial in his own defense is as old as our Nation. This Sixth Amendment to the United States Constitution says in part:

> In all criminal prosecutions, the accused shall enjoy the right … to have compulsory process for obtaining witnesses in his favor …

U.S. Const. amend VI.

**(b.) Statutory**

Rule 17(c) of the Federal Rules of Criminal Procedure fulfills the Constitutional mandate as follows:

> A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(c.)   Jurispurdential**

The Court in *United Sates v. Nixon*, 418 U.S. 683, 700 (1974) established the supremacy of subpoena power over executive privilege and said as follows:

> We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law.  The need to develop all relevant facts in the adversary system is both fundamental and comprehensive.  The ends of criminal justice would be defeated if judgments were founded on a partial or speculative presentation of the facts.  The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.  To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense.

**(d.)   "The Nixon Three-Part Test"**

The Supreme Court established a three-part test:  (1) relevancy; (2) admissibility; and (3) specificity.  *Nixon*, 418 U.S. at 700.[1]  That test applied to the instant facts provides the following:

---

[1] *See also, United States v. Eisenhart*, 43 Fed. Appx. 500, 505 (3d Cir. 2002).

### 1. <u>Relevancy</u>

The subpoenaed documents are directly relevant to all thirteen counts of the Indictment. In essence, the Government asserts that the Defendant criminally caused the GTSA to violate its NPDES permit and that the Defendant defrauded the GTSA of $2,415.09.

Federal Rule of Evidence 401 says as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.

**Subpoena #1 for the PADEP**

The PADEP records would demonstrate two decades of periodic (at least annual) interaction with the operators of the GTSA, as well as, the manager of the GTSA. The records will demonstrate that PADEP knew at all time that the Defendant Evans Sr. was never an operator of the sewer plant. These records will support a defense of detrimental reliance, actual and apparent authority on government authority and entrapment by estoppel. *United States v. Pennsylvania Indus. Chem. Corp.*, 411 U.S. 655, 674-75 (1973) (detrimental reliance); *United States v. Pitt*, 193 F.3d 751, 755-58 (3d Cir. 1999) (actual and apparent

8

governmental authority and entrapment by estoppel); *United States v. Weitzenhoff*, 35 F.3d 1275, 1290 (9th Cir. 1994) (entrapment by estoppel). Those records will show who PADEP recognized as the operators of the plant; and, specifically, the records will show that Defendant Evans Sr. was not a plant operator. The records will numerous inspections in which the PADEP does not issue violations or admonitions; and, instead, approves the operation of the GTSA. In short, these records will tend to make the fact that Defendant Evans Sr. was not criminally responsible for the operation of the GTSA.

**Subpoena #2 for the GTSA**

The GTSA possesses records necessary to demonstrate that Defendant Evans Sr. was not a plant operator and will show that he did not defraud the GTSA which met monthly to approve bills related to expenses in running the sewer plant. The GTSA records will show through Defendant Evans Sr. that his employment was as a plant manager which involved issuing bills to recipients of the sewer services, maintaining bank accounts and reporting to the sewer board. The records will also reveal an internal audit in which Board members were interviewed and provided exculpatory statements, as well as, impeaching evidence related to the Government allegations of fraud by Defendant Evans Sr. The Government charges Defendant

9

Evans Sr. with fraud in counts 6-13 of the Indictment directly related to expenses for the GTSA.  The GTSA records sought will provide evidence to the defense to defend against both the false allegations regarding the environmental crimes and the false claims of fraud.  In short, these records will tend to establish the fact that Defendant Evans Sr. was not criminally responsible for the operations of the GTSA, and will tend to show that Defendant Evans Sr. did not defraud the GTSA.

### Subpoena #3 for AT&T

ATT possesses billing records related to Defendant Evans Sr.'s services to the GTSA.  The Government charges the Defendant Evans Sr. with fraudulently charging the GTSA for the payment of a $88.85 and a $90.85 telephone bill.  *See* Indictment, Counts 6-7.  Obtaining those records is critical to the defense, and the records are specifically relevant to the phone bills identified in Counts 6 and 7 of the Indictment, and the records are generally relevant to establishing the fact that Defendant Evans Sr. did not operate the sewer plant.

### Subpoena #4 for American Express

American Express possesses records related to purchase for the GTSA, and these records are critical to Defendant Evans Sr. defending himself against allegations of fraud related to purchases for the GTSA.  In Counts 6-13, the

Government charged Defendant Evans Sr. with defrauding the GTSA in making purchases related to the sewer plant. Counts 10 and 11 specifically reference the American Express account and claim that they were not authorized. Obtaining those records is critical to the defense. In short, these records will establish that any purchases by Defendant Evans Sr. were done properly for the GTSA.

## 2. Admissibility

**Subpoena #1 for the PADEP**

The PADEP records are admissible as a statement of a party-opponent pursuant to FRE 801(d)(2)(A). Statements and information contained in reports are admissible as business records, Fed. R. Evid. 803(6), and as statements by agents, Fed. R. Evid. 801(d)(2)(D).

**Subpoena #2 for the GTSA**

The records of Defendant Evans Sr.'s employment, compensation, employment file, board records of purchases, board records of meetings, agendas, votes, and approval of expenses are all business records pursuant to 803(6). The internal audit, statements by board members, documents relied upon by auditors are admissible as a declarant's prior statement, Fed. R. Evid. 801(d)(1)(A-C).

They would be admissible to attack a declarant's credibility. *See* Fed. R. Evid. 806.

### Subpoena #3 for AT&T

The telephone records would be admissible as a business record. Fed. R. Evid. 803(6).

### Subpoena #4 for American Express

The records would be admissible as a business record. Fed. R. Evid. 803(6).

### 3. Specificity

All requests relate to specific counts of the Indictment of Bruce Evans Sr. and/or the requests relate specifically to a defense of which the Government has received a formal notice pursuant to Fed. R. Crim. P. 12.3. Additionally, the defense has specified the way in which the evidence sought in the subpoenas related directly to the multiple counts of the Indictment.

## IV. **CONCLUSION**

The Defendant's Sixth Amendment right to subpoena records in his own defense pursuant to *Nixon*, 418 U.S. at 708-09, *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951), and *Burr*, 25 F. Cas. at 191 support this Court's finding that the requested subpoenas should be approved.

WHEREFORE, Defendant Bruce Evans Sr. respectfully requests this Court grant the Motion to Authorize Subpoena Duces Tecum.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey

Attorney for Defendant,
Bruce Evans, Sr.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: October 2, 2019

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law In Support of Motion to Authorize Subpoena Duces Tecum was served upon the following counsel of record via the Court's ECF system on this 2nd day of October, 2019:

>Michelle L. Olshefski, Esquire
>U.S. Attorney's Office
>P.O. Box 309
>235 North Washington Avenue
>Scranton, PA 18501
>
>Walter F. Casper, Jr., Esquire
>P.O. Box 513
>35 S. Church Street
>Carbondale, PA 18407

/s/ Patrick A. Casey