IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:19-CR-9 |
| | : | |
| BRUCE EVANS, SR. and | : | JUDGE A. RICHARD CAPUTO |
| BRUCE EVANS, JR. | : | |
| | : | ORAL ARGUMENT REQUESTED |

**DEFENDANTS BRUCE EVANS, SR.'S REPLY BRIEF IN SUPPORT OF MOTION TO AUTHORIZE SUBPOENA DUCES TECUM**

Defendant Bruce Evans, Sr. ("Mr. Evans") requested, in his Motion to Authorize Subpoena Duces Tecum, that Court properly issue and serve subpoenas on the following entities: (1) the Pennsylvania Department of Environmental Protection ("PADEP"); (2) Greenfield Township Sewer Authority ("GTSA"); (3) AT&T; and (4) American Express. The Government opposes issuance of these subpoenas. However, because the subpoenas request relevant information, will produce admissible evidence, and the subpoenas are sufficiently specific in accordance with *United States v. Nixon*, 418 U.S. 683, 700 (1974), Mr. Evans' motion seeking Court authorization should be granted.

### Subpoena #1 for the Pennsylvania Department of Environmental Protection

Mr. Evans' proposed subpoena to the PADEP satisfies the test outlined in *United States v. Nixon*, 418 U.S. 683, 700 (1974) ("[T]he Special Prosecutor, in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.").

First, the PADEP records would (pursuant to Federal Rule of Evidence 401) "have a tendency to make the existence of [a] fact of consequence to the determination of the action more probable [ ] than it would without the evidence." One of Mr. Evans' planned defenses is actual innocence, i.e. he did not know of the alleged operational failures as simply manager of the GTSA. Indeed, it is anticipated that records received from the PADEP would show that all environmental testing was handled by licensed wastewater treatment plant operator David D. Klepadlo, not Evans. The records would likely also show that the PADEP held Mr. Klepadlo responsible for adherence to, and knowledge of, the permit, not Evans.

Moreover, and pursuant to the Notice of Authority under Fed. R. Crim. P. 12.3, the records sought will likely support a defense of detrimental reliance, actual and apparent authority on government authority and entrapment by estoppel.

2

Specifically, the records received will likely indicate that the government caused the GTSA to believe it was operating properly and the GTSA detrimentally relied upon the DEP to believe it was operating properly. PADEP records will likely show that it was not until the prosecutorial authorities became involved that PADEP began to claim the GTSA was not operating properly or legally. Pursuant to Federal Rules of Evidence 801(d)(2)(A), 803(6), and 801(d)(2)(D), and in accordance with the second prong of the *Nixon* test, information received would be admissible as statements by a party opponent, business records, and/or statements by agents.

Finally, the request in this subpoena is specific to Bruce Evans, Sr. and/or the operation of the GTSA sewage treatment plant. While the Government contests the breadth of this request, the information sought in this subpoena is nevertheless tethered to the specific defenses outlined above.

### Subpoena #2 for the Greenfield Township Sewer Authority

Mr. Evans' proposed subpoena to the GTSA similarly satisfies the test outlined in *United States v. Nixon*.

First, the information sought is again relevant to both of Mr. Evans' defenses. It is anticipated that internal documents of the GTSA will illuminate

3

both Mr. Evans' role as manager and how that role differed from the certified operator of the GTSA plant. Further, the records will also reveal an internal audit in which Board members were interviewed and provided exculpatory statements, as well as impeaching evidence related to the allegations of fraud made against Mr. Evans. In this way, the records sought are relevant to defend against both the environmental crimes and the false claims of fraud lodged against Mr. Evans.

These documents would, in turn, be admissible pursuant to Federal Rules of Evidence 803(6), 801(d)(1)(A-C), and 806 as they are business records, could be used as a declarant's prior statement, and/or to attack their credibility. Finally, and like the subpoena directed to PADEP, the request in this subpoena is specific to Bruce Evans, Sr. and/or the operation of the GTSA sewage treatment plant. While the Government on this point contends that this subpoena should not be granted because it is undisputed that Mr. Evans was not certified as a wastewater operator, it is clear from their theory of the case that the parties nevertheless differ on Mr. Evans' role in the daily management of the plant. The information sought from the GTSA is both relevant and specific to that dispute.

**Subpoena #3-4 for AT&T and American Express**

Mr. Evans' subpoenas to American Express and AT&T seek information relating solely to Counts 6-13, or the wire fraud under 18 U.S.C. § 1343.

First, the records sought are relevant to defending against those fraud-based claims. For example, at Counts 6 and 7, the Government charges Mr. Evans with fraudulently charging the GTSA for the payment of an $88.85 and a $90.85 telephone bill. Obtaining the records sought in the subpoena, including billing records, is critical to both disproving both Counts 6 and 7, and establishing that Mr. Evans did not serve as operator for the GTSA plant. In a similar vein, the records sought from American Express are relevant towards disproving the wire fraud claims at Counts 6-13. In those counts, Government alleges that Mr. Evans defrauded the GTSA by making purchases related to the GTSA plant. Finally, and in compliance with the *Nixon* test, the records sought are both admissible and specific. They are admissible as business records pursuant to Federal Rule of Evidence 803(6), and specific as to the claims and accounts relevant to this case.

WHEREFORE, the Defendant respectfully requests that its Motion to Authorize Subpoena Duces Tecum be granted.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Attorney for Defendant,
Bruce Evans, Sr.

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date: January 15, 2020

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Reply Brief In Support of Motion to Authorize Subpoena Duces Tecum was served upon the following counsel of record via the Court's ECF system on this 15th day of January 2020.

>Michelle L. Olshefski
>US Attorney's Office
>P.O. Box 309
>235 North Washington Avenue
>Scranton, PA 18501
>
>Walter F. Casper, Jr.
>P.O. Box 513
>35 S. Church Street
>Carbondale, PA 18407

>/s/ Patrick A. Casey