UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:CR-19-09 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| BRUCE EVANS, SR. and | : | |
| BRUCE EVANS, JR., | : | |
| Defendants | : | |

## MOTION TO CORRECT/AMEND THE SUPERSEDING INDICTMENT

NOW, the United States of America, by its undersigned counsel, moves to correct the Superseding Indictment filed in the above captioned case. In support of this motion, the United States alleges as follows:

1. On May 28, 2020, a federal grand jury returned a Superseding Indictment charging Bruce Evans, Sr. and Bruce Evans, Jr. with various violations of the Clean Water Act (CWA), and charging Bruce Evans, Sr. with wire fraud violations and obstruction of correspondence. (Doc. 62).

2. Following the filing of this Superseding Indictment, the United States realized that certain inadvertent typographical errors regarding citation to NPDES Permit sections occurred.

3. Specifically, in Counts 2 and 3, the Roman numeral "I" was omitted when citing to NPDES Permit Sections C.1 and D.2. Count 2 should read Section I.C.1, and Count 3 should read Section I.D.2. Additionally, the Permit citation in Count 5 should read Part A, Section I, rather than Section I.C.1; and the Permit citation in Counts 16 through 24 should read Part A, Section III.C.3, rather than Part B, Section I.3.c.

4. It is noted that the errors are typographical errors and do not affect the substance of the stated charges pending against the defendants. The Clean Water Act statutory citations, the language of the statute, and the expressed language of the NPDES Permit violation, are written correctly and accurately in each Count of the Superseding Indictment sought to be amended.

5. It is well established that this Court may order amendments of a charging document that relate merely to matters of form. *Russell v. United States*, 369 U.S. 749, 770 (1962). Thus, the Court may allow amendments to correct misnomers or typographical errors.

6. In this case, the corrections requested by the United States are purely a matter of form and do not affect the substance of the

charges as expressed verbally with specific language pending against the defendants. Rather, the proposed changes simply correct inadvertent typographical errors to citations to the NPDES Permit and not the federal statutes charged. The language expressed in each Count of the Superseding Indictment has placed the defendants on notice of what unlawful acts they are alleged to have committed and the precise sections of the federal statute they are alleged to have violated, that is, 33 U.S.C. Sections 1311, 1342 and 1319(c)(2)(A).

7. On October 31, 2021, the United States forwarded a copy of this Motion to Correct/Amend the Superseding Indictment to counsel for the defendants requesting concurrence. Counsel for the defendants responded that they needed time to consider the motion. On November 5, 2021, the United States again inquired with counsel for the defendants regarding concurrence or no concurrence in the within motion. Counsel for the defendants advised that additional time was necessary for consideration of the within motion. As such, as of the filing of this motion, defense counsels' non concurrence is noted.

WHEREFORE, the United States requests that the Court grant its Motion to Correct/Amend the Superseding Indictment and enter an

order correcting and amending the Superseding Indictment to reflect the changes as noted above. Specifically, correct the citations made to the NPDES Permit in Counts 2, 3, 5 and 16 through 24 to reflect the correct NPDES Permit Sections. The typographical errors are matters of form and do not affect the substance of the charges pending against the defendants.

Respectfully submitted,

BRUCE D. BRANDLER
Acting United States Attorney

By: /s/ Michelle L. Olshefski
MICHELLE L. OLSHEFSKI
Assistant U.S. Attorney

/s/ W. Martin Harrell
W. MARTIN HARRELL
Special Assistant U.S. Attorney

/s/ Patricia C. Miller
PATRICIA C. MILLER
Special Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of November, 2021, I caused the foregoing "**Government's Motion to Correct/Amend the Superseding Indictment**" to be served upon Patrick Casey, Esquire, counsel of record for Evans Sr., and Bernard Brown, Esquire, counsel of record for Evans Jr. and that both Attorney Casey and Attorney Brown are filing users under the ECF system.

/s/ Michelle Olshefski
MICHELLE OLSHEFSKI
Assistant United States Attorney

## CERTIFICATE OF NON-CONCURRENCE

The undersigned hereby certifies that efforts to obtain concurrence in the within "**Government's Motion to Correct/Amend the Superseding Indictment**" were made on October 31, 2021 and again on November 5, 2021, but no concurrence was obtained from Patrick Casey, Esquire, counsel of record for Bruce Evans Sr., and Bernard Brown, Esquire, counsel of record for Bruce Evans Jr.

                                        /s/ Michelle Olshefski
                                        MICHELLE OLSHEFSKI
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIM. NO. 3:CR-19-09 |
|---|---|---|
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| BRUCE EVANS, SR. and | : | |
| BRUCE EVANS, JR., | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of November, 2021, upon consideration of the Government's Motion to Correct/Amend the Superseding Indictment, it is hereby ORDERED that the Government's Motion is granted. Count 2 shall be corrected to reflect NPDES Permit Part A, Section I.C.1; Count 3 shall be corrected to reflect NPDES Permit Part B, Section I.D.2; Count 5 shall be corrected to reflect NPDES Permit Part A, Section I; Counts 16 through 14 shall be corrected to reflect NPDES Permit Part A, Section III.C.3.

_____
MALACHY E. MANNION
U.S. District Court Judge