UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:CR-19-09 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| BRUCE EVANS, SR. and | : | |
| BRUCE EVANS, JR., | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF MOTION TO CORRECT/AMEND THE SUPERSEDING INDICTMENT

NOW, the United States of America, by its undersigned counsel, and filed the within brief in support of the Government's Motion to Correct/Amend the Superseding Indictment filed in the above captioned case.

As set forth in the Government's Motion to Correct/Amend the Superseding Indictment, on May 28, 2020, a federal grand jury returned a Superseding Indictment charging Bruce Evans, Sr. and Bruce Evans, Jr. with various violations of the Clean Water Act (CWA), and charging Bruce Evans, Sr. with wire fraud violations and obstruction of correspondence. (Doc. 62).

Following the filing of this Superseding Indictment, the United

1

States realized that certain inadvertent typographical errors regarding citation to NPDES Permit sections occurred.   Specifically, in Counts 2 and 3, the Roman numeral "I" was omitted when citing to NPDES Permit Sections C.1 and D.2.   Count 2 should read Section I.C.1, and Count 3 should read Section I.D.2.   Additionally, the Permit citation in Count 5 should read Part A, Section I, rather than Section I.C.1; and the Permit citation in Counts 16 through 24 should read Part A, Section III.C.3, rather than Part B, Section I.3.c.

It is again noted that the errors are typographical errors and do not affect the substance of the stated charges pending against the defendants.   The Clean Water Act statutory citations, the language of the statute, and the expressed language of the NPDES Permit violation, is written accurately in each Count of the Superseding Indictment sought to be corrected/amended.   It is further noted that the proposed corrections do not broaden the Superseding Indictment, nor in any way alter the alleged conduct stated in the violations of the Clean Water Act.

It is well established that this Court may order corrections/amendments of a charging document that relate merely to

matters of form. *Russell v. United States*, 369 U.S. 749, 770 (1962). Thus, the Court may allow amendments to correct misnomers or typographical errors. *See e.g., United States v. Perez*, 776 F.2d 797 (9th Cir. 1985) (correction of defendant's name); *United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (no impermissible amendment if merely correcting typographical error); *United States v. McGrath*, 558 F.2d 1102, 1105 (2d Cir. 1977) (misnomer in name of victim); *United States v. Denny*, 165 F.2d 668 (7th Cir.) (misspelling of defendant's name not fatal to indictment); *United States v. Owens*, 334 F. Supp. 1030 (D. Minn. 1971); *United States v. Williams*, No. CRIM. A. 11-223-1, 2012 WL 5881845, at *2 (E.D. Pa. Nov. 21, 2012) (citing *United States v. Miller,* 116 F.3d 641, 669–671 (2d Cir.1997) (correction of merely technical errors, such as clerical or typographical mistakes, is allowed during trial where such correction does not alter "essential substance" of charging terms; no impermissible amendment of indictment by inserting defendant's name into count after inadvertent omission); *United States v. Neil,* 166 F.3d 943, 947–948 (9th Cir.1999) (district court did not err in granting a motion to amend the indictment, during jury deliberations, where one bank robbery count referred to the

3

wrong bank); *United States v. Lim,* 984 F.2d 331, 337 (9th Cir.1993) (district court did not err in amending typo in statute citation); *United States v. Kegler,* 724 F.2d 190, 195 (district court did not err in amending the indictment, during trial, to correct the name of payee on a check); *United States v. McGrath,* 558 F.2d 1102, 1105 (2d Cir.1977) (district court would have been empowered, during trial, to amend the indictment to correct certain references to the Long Island State Parks Commission as the "Long Island State Parks and Recreation Commission")); *United States v. Nicklas*, 713 F.3d 435, 440 (8th Cir. 2013) (no impermissible amendment when court allowed Government's motion to strike "willfully" from indictment because such statement of intent was surplusage); *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006) ( no impermissible amendment when court struck as surplusage "during and in relation to" from indictment); *United States v. Allmendinger*, 706 F.3d 330, 340 (4th Cir. 2013) (no impermissible amendment when Government narrowed scope of conspiracy nor through striking some paragraphs from indictment and sending indictment back to jury); *United States v. Phillips*, 745 F.3d 829, 832-33 (7th Cir. 2014) (no impermissible amendment when technical details

4

about mechanics and depth of conspiracy were added to indictment).[1]

In this case, the corrections/amendments requested by the United States are purely a matter of form and do not affect the substance of the charges as expressed verbally with specific language pending against the defendants. Rather, the proposed changes simply correct inadvertent typographical errors to citations to the NPDES Permit and not the federal statutes charged. The language expressed in each Count of the Superseding Indictment has placed the defendants on notice of what unlawful acts they are alleged to have committed and the

---

[1] *See also*, *United States v. Rattler*, 237 F. App'x 794, 796 (4th Cir. 2007)(indictment was sufficient despite citation to wrong subsection); *United States v. Boyd*, 447 F. App'x 684, 688 (6th Cir. 2011) (scrivener's error that mistakenly did not limit incoming wire transfers to those coming from Michigan did not result in constructive amendment of wire fraud indictment); *United States v. McNett*, 74 F.3d 1242, *1 (table) (7th Cir. 1996) (amendments of technical, clerical, or other typographical errors "are generally benign" if they "would not alter the essential substance of the charged offense); *United States v. Cina*, 699 F.2d 853, 857 (7th Cir. 1983) (trial court properly found no prejudice to defendant sufficient to bar amendment to indictment to expand period of conspiracy by two years); *United States v. Smith*, 993 F.2d 1550, *3-4 (7th Cir. 1993) (unpublished) (An indictment may be modified, either physically or constructively (because the evidence or the jury instructions effectively "amend" it) to correct for a typographical or clerical error or a misnomer.); *see also* Fed. R. Crim. P. 36.

precise sections of the federal statute they are alleged to have violated, that is, 33 U.S.C. Sections 1311, 1342 and 1319(c)(2)(A).

WHEREFORE, the United States requests that the Court grant its Motion to Correct/Amend the Superseding Indictment and enter an order correcting and amending the Superseding Indictment to reflect the changes as noted above.  Specifically, amend the citations made to the NPDES Permit in Counts 2, 3, 5 and 16 through 24 to reflect the correct NPDES Permit Sections.  The errors are matters of form and do not affect the substance of the charges pending against the defendants.

        Respectfully submitted,

        BRUCE D. BRANDLER
        Acting United States Attorney

By:    /s/ Michelle L. Olshefski
        MICHELLE L. OLSHEFSKI
        Assistant U.S. Attorney

        /s/ W. Martin Harrell
        W. MARTIN HARRELL
        Special Assistant U.S. Attorney

        /s/ Patricia C. Miller
        PATRICIA C. MILLER
        Special Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of November, 2021, I caused the foregoing "**Government's Brief in Support of Motion to Amend the Superseding Indictment**" to be served upon Patrick Casey, Esquire, counsel of record for Evans Sr., and Bernard Brown, Esquire, counsel of record for Evans Jr. and that both Attorney Casey and Attorney Brown are filing users under the ECF system.

/s/ Michelle Olshefski
MICHELLE OLSHEFSKI
Assistant United States Attorney