# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **3:CR-19-09** |
| **v.** | : | **(JUDGE MANNION)** |
| **BRUCE EVANS, SR. and** | : | |
| **BRUCE EVANS, JR.,** | | |
| | : | |
| **Defendants** | | |

## M E M O R A N D U M

Presently before the court is the government's October 18, 2021 Notice of Intent to Use FRE 404(b) Type Evidence regarding its intent to use evidence of alleged uncharged acts of fraud of the defendant Bruce Evans, Sr. at trial, (Doc. 112), and the November 8, 2021 Motion *in Limine* of defendant Bruce Evans, Sr., ("defendant" or "Evans, Sr."), (Doc. 123), to exclude the government from using any of its Rule 404(b) evidence against him. Defendant simultaneously filed his brief in support of his motion. (Doc. 124). On November 10, 2021, the government filed its brief in opposition. (Doc. 130).

In his motion *in limine*, Evans, Sr. objects to the government's Notice, and he seeks the court to prohibit the government from introducing at trial evidence regarding his alleged uncharged acts of fraud arguing that it is not intrinsic evidence under Rule 404(b), and considered as extrinsic evidence, it is not admissible. He also argues that under FRE 403, in considering the evidence as

extrinsic to the wire fraud offenses charged at Counts 25 through 32, that the danger of unfair prejudice substantially outweighs the evidence's probative value.

Based on the following, Evans, Sr.'s motion *in limine*, **(Doc. 123)**, will be **DENIED**.

## I.      FACTUAL AND PROCEDURAL HISTORY[1]

On May 28, 2020, a Superseding Indictment was filed against defendants Bruce Evans, Sr., and his son, Bruce Evans, Jr. (Doc. 62). The Superseding Indictment contains 36 Counts, namely: (1) three counts under 33 U.S.C. §1319(c)(2)(A) for failure to operate and maintain in violation of a Clean Water Act permit; (2) two counts under 33 U.S.C. §1319(c)(2)(A) for discharge in violation of a Clean Water Act permit; (3) one count under 33 U.S.C. §1319(c)(2)(A) for failure to notify PA Department of Environmental Protection ("PADEP") in violation of CWA permit; (4) eight counts under 33 U.S.C. §1319(c)(2)(A) for bypassing the treatment system in violation of a CWA permit; (5) nine counts under 33 U.S.C. §1319(c)(2)(A) for failure to notify PADEP of bypasses and sewage overflows in violation of a CWA permit; (6) eight counts under 18 U.S.C. §1343 for wire fraud; (7) four counts under 18 U.S.C. §1702 obstruction of correspondence; and (8) one

---

[1]Since the court stated the factual background of this case in its August 19, 2021 Memorandum denying defendants' motions to dismiss, it is not fully repeated herein. (Doc. 104).

count of false statements in violation of the CWA under 33 U.S.C. §1319(c)(4). Evans Sr. is charged in 35 of the Counts (i.e., all Counts except for Count 6), while Evans Jr. is only charged in Counts 2-5 and 6. In Count 6, Evans Jr. is charged with false statements in violation of the CWA.

The trial in this case is scheduled to commence on November 15, 2021, against both defendants.

## II.    LEGAL STANDARD FOR MOTION *IN LIMINE*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017).

3

Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

## III.    DISCUSSION

Evans, Sr.'s motion *in limine* is filed pursuant to Fed.R.Evid. 404(b) and 403. The motion also seeks, in part, to exclude evidence as irrelevant. It is axiomatic that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

4

Federal Rule of Evidence 404(b)(1) precludes the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show conformity therewith". However, under Rule 404(b)(2), such evidence is admissible for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."

"Rule 404(b) is a rule of general exclusion...." United States v. Repak, 852 F.3d 230, 240 (3d Cir. 2017) (citing United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014); United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014) ("Rule 404(b) is generally a rule of exclusion.")). As such, "Rule 404(b) directs that evidence of prior bad acts be excluded—*unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose [i.e., not to show the defendant's propensity to behave in a certain manner]." *Id.* (citing Caldwell, 760 F.3d at 276) (emphasis in original). Thus, "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility, but it is also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." *Id.* at 241.

In United States v. Repak, 852 F.3d at 240, the Third Circuit explained:

Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." Caldwell, 760 F.3d at 276. Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must

5

not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction. *See* Huddleston v. United States, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); Caldwell, 760 F.3d at 277–78.

"Intrinsic evidence need not be analyzed under Rule 404(b) because it is not '[e]vidence of any crime, wrong, or other act,' Fed.R.Evid. 404(b)(1), but rather 'part and parcel of the charged offense.'" U.S. v. Williams, 974 F.3d 320, 357 (3d Cir. 2020) (quoting *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010)). However, the Third Circuit has limited "the 'intrinsic' label [to] two narrow categories of evidence: (1) where the uncharged conduct directly proves the charged offense; and (2) where it is performed contemporaneously with the charged crime and facilitate[s] the commission of the charged crime." *Id*. (internal quotation marks and citation omitted).

In Williams, *id*. the Court explained, "[t]his suggests that the nature and scope of the evidence able to be deemed intrinsic will vary with the charged offense."

Presently at issue are Counts 25 through 32 in which defendant is charged with wire fraud, in violation of 18 U.S.C. §1343. (Doc. 62 at 43-47).

Specifically, Counts 25 through 32 of the Indictment charge that from on or about February 1, 2014, and continuing through on or about December 31, 2017, the defendant Bruce Evans, Sr., having knowingly devised and intended to devise

a material scheme to defraud the Greenfield Township Sewer Authority, ("GTSA"), and to obtain money and property of the GTSA by means of materially false and fraudulent pretenses, representations and promises, did for the purpose of executing the scheme and artifice to defraud, and attempting to do so, knowingly caused to be transmitted via wire communications in interstate commerce the payment of the following eight fraudulent checks:

Count 25 pertains to check #8965 dated April 20, 2017, issued in the amount of $88.85 payable to AT&T.

Count 26 pertains to check #8996 dated June 15, 2017, issued in the amount of $90.85 payable to AT&T.

Count 27 pertains to check #8963 dated April 12, 2017, issued in the amount of $310.40 payable to Lapera Oil Co.

Count 28 pertains to check #8981 dated May 16, 2017, issued in the amount of $356.25 payable to Lapera Oil Co.

Count 29 pertains to check #8920 dated February 11, 2017, issued in the amount of $328.00 payable to American Express account ending in 02004.

 Count 30 pertains to check #8976 dated May 16, 2017, issued in the amount of $247.01 payable to American Express account ending in 02004.

Count 31 pertains to check #8673 dated November 18, 2015, issued in the amount of $639.72 payable to George R. Everett.

7

Count 32 pertains to check #8696 dated January 14, 2016, issued in the amount of $354.01 payable to George R. Everett.

In his motion *in limine*, defendant Evans, Sr. seeks the court to preclude the government from introducing at trial all of the other "uncharged acts of fraud", including the alleged acts identified by the government in its Rule 404(b) Notice, which it contends show the defendant acted fraudulently with respect to an "overall scheme to defraud" that lead to the charged offenses in Counts 25 through 32. In its Notice, (Doc. 112 at 13), the government states that these "other acts of fraud" include the following: (1) unlawful AT&T tablet and internet charges and payments (in addition to those charged in Counts 25 and 26); (2) unlawful fuel charges and payments (in addition to those charged in Counts 27 and 28); (3) other educational expenses incurred by Bruce Evans, Jr. but paid for with GTSA funds by Evans, Sr. (in addition to those charged in Counts 29 and 30); and (4) other instances of George R. Everett being paid for Silver Lake Township Municipal Authority ("SLMTA") grinder pump repairs by the GTSA but inuring to the benefit of Evans, Sr. who was paid directly by SLMTA for the work (in addition to those charged in Counts 31 and 32).

The government contends that these other uncharged acts relate to defendant's unauthorized use of GTSA funds "for his own personal enrichment

8

[that] are intrinsically related to the same scheme to defraud and part of the 'among others' as alleged in the Superseding Indictment." (Doc. 112 at 9).

In its brief, (doc. 130), the government states that the charges against Evans, Sr. in Counts 25-32 stem from his alleged decades of his abuse of the power and authority he held during his long tenure of public official positions within the municipality of Greenfield Township and as manager of the Greenfield Township Sewer Authority (GTSA), who had the responsibility for overseeing operations of the Authority and reporting to the four other GTSA Board members. The government states that over this long period of time Evans, Sr. "exercised nearly complete control over the financial accounts for both entities", and that he managed and controlled all financial aspects of [both] organizations." The government also asserts that the SI alleges a broad fraudulent scheme by Evans, Sr. in which he abused and misused GTSA's finances and defrauded the Authority by using its funds and resources for his own personal benefit and for his son's benefit. Specifically, the SI alleges that "[d]uring his tenure as Manager for the GTSA and as a GTSA Board Member, defendant Evans. Sr. fraudulently, improperly, and unlawfully converted funds and property of the GTSA for his own personal benefit and unlawful enrichment, and for the benefit and unlawful enrichment of a family member [i.e., Evans, Jr.]." The SI then alleges in detail some of the way in which Evans, Sr. "fraudulently, improperly, and unlawfully converted

funds and property of the GTSA for his own personal benefit and unlawful enrichment, and for the benefit and unlawful enrichment of his co-defendant, Evans, Jr." (Doc. 62, ¶'s 119-122).

The government further contends that its evidence will show "that Evans, Sr. intentionally withheld the reported internal control failures and change recommendations [from annual audits conducted by an accounting firm] from GTSA board members in order to maintain power, control, and his elected office."

As such, the government states that in Counts 25-32 of the SI, "[it] has clearly set forth an overarching scheme to defraud [by Evans, Sr.] in violation of 18 U.S.C. §1343."

Thus, the government contends that the uncharged various other fraudulent acts it will show at trial that Evans, Sr. was engaged in constitute intrinsic evidence, directly relevant to the overall scheme alleged in the indictment, including Counts 25-32, which is outside of the scope of Rule 404(b).

Prior to performing the 4-step analysis under Rule 404(b), the court "must determine whether the acts in question are 'extrinsic' or 'intrinsic' to the charged offense." United States v. York, 165 F.Supp.3d 267, 269 (E.D. Pa. 2015). In York, *id.* at 269-70, the court explained:

> If the proffered evidence relates to acts that do not form the basis for the current prosecution, such acts are considered "extrinsic" to the charged offense, and a Rule 404(b) analysis is required. Green, 617 F.3d at 245. However, if the evidence either (1) "directly proves the charged offense," or

(2) relates to an act "performed contemporaneously with the charged crime" that "facilitated the commission of the charged crime," then such an act is "intrinsic" to the charged offense, and a Rule 404(b) analysis is unnecessary. *Id.* at 249. *See also* [United States v. Davis, 726 F.3d 434, 441 n. 5 (3d Cir. 2013)] (citing Green, 617 F.3d at 248–49) ("Rule 404(b) excludes only extrinsic evidence.... It does not exclude intrinsic evidence.").

In order to prove the crime of wire fraud charged in Counts 25 through 32, the government must establish that: (1) the defendant Evans, Sr. knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises; (2) that the defendant acted with the intent to defraud; and (3) that in advancing, furthering, or carrying out the scheme, the defendant transmitted or caused the transmission of any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce. *See* United States v. Andrews, 681 F.3d 509, 518 (3d Cir. 2012).

In its Notice, (Doc. 112 at 10-11), the government states:

The uncharged acts of fraud discussed herein are similar to and lead up to the actual charged acts of fraud committed by Evans, Sr. They arose out of the same transaction or series of transactions as the charged offenses, and are inextricably intertwined with the evidence regarding the crimes charged. The evidence to be introduced concerning similar and related acts of fraud establish that Evans, Sr. knowingly devised a scheme and that he acted with the intent to defraud others. The acts were not mistakes or clerical errors. The evidence goes directly to proving the charged offense.

The government, (Id. at 11-12), then goes on to state:

The proffered evidence also goes directly to the heart of the scheme, which was a series of unlawful charges ultimately paid for by GTSA funds but personally used and/or received by Evans, Sr. and/or his co-defendant, Evans, Jr. The evidence demonstrates an unbroken series of fraudulent acts

11

inextricably intertwined in the scheme. Evans, Sr.'s scheme to defraud was not an isolated event and it is not charged as an isolated event. Though it is multi-faceted, it all falls under the umbrella of a general scheme to defraud the same entities over time.

Evidence of Evans, Sr.'s efforts to conceal his crimes over time is also intertwined with the scheme to defraud and facilitated the commission of his scheme to defraud. The evidence suggests Evans, Sr. was motivated by greed and his own sense of entitlement. The acts sought to be introduced involve no temporal break in the fraud or the concealment. The acts are intrinsic to the overall scheme to defraud.

The court finds that the challenged proffered evidence of Evans, Sr.'s other alleged fraudulent acts are indeed intrinsic and thus beyond the scope of Rule 404(b). *See* United States v. Pharis, 298 F.3d 228, 234 (3d Cir. 2002) ("Once certain fraudulent conduct is properly included as part of the charged scheme, Rule 404(b) poses no obstacle because the evidence that is part of the charged crime does not fall under Rule 404(b).") (citations omitted).

The court finds that the alleged uncharged fraudulent acts committed by Evans, Sr. were part of the overall scheme to defraud charged in Counts 25 through 32 of the indictment. As the government states, (Doc. 130 at 12), "[t]he 'other acts' of fraud include other unlawful AT&T tablet and internet charges and payments, other unlawful fuel charges and payments, other educational expenses incurred by Evans, Jr. but paid for with GTSA funds by Evans, Sr., and other instances of George R. Everett being paid for SLMTA grinder pump repairs by the GTSA but inuring to the benefit of Evans, Sr. who was paid directly by SLMTA for

the work." This evidence goes to directly prove the charged wire fraud offenses. *See* U.S. v. Staton, 605 Fed.Appx. 110, 116 (3d Cir. 2015) (Third Circuit held that "[e]vidence that [defendant] failed to file federal income taxes together with his use of multiple business fronts from which he received criminally derived income enhanced his ability to conceal his scheme and its proceeds from law enforcement", and since [defendant's] "nonfilings constitute contemporaneous acts that facilitated the commission of the fraudulent scheme, the evidence is intrinsic, and hence relevant, to the charges against him."); United States v. Bush, 741 Fed.Appx. 110, 122-23 (3d Cir. 2018) (Third Circuit held that cash and drug paraphernalia seized from defendant was admissible since it was intrinsic and directly relevant to show defendant's involvement in the charged drug conspiracy, and that it did "not fall within the ambit of Rule 404(b).").[2]

Also, under Rule 403, the proffered evidence is also admissible. "The fact that the evidence is intrinsic establishes its probative nature, and … any evaluation of prejudicial effect here must be considered in the context of the totality of the evidence produced." Williams, 974 F.3d at 357. Based on the court's discussion

---

[2]The court notes that even if the proffered evidence was extrinsic, "it would nonetheless be admissible under Rule 404(b) because it helps prove [Evans, Sr.'s] intent to defraud [GTSA]." Staton, 605 Fed.Appx. at 116 n.10 (citation omitted). Evidence regarding Evans, Sr.'s alleged uncharged other fraudulent acts goes to show his knowledge and intent. "The plain text of Rule 404(b) allows for the admission of other-acts evidence to show knowledge and intent as the Government proffered here." Repak, 852 F.3d at 241.

above, its review of superseding indictment and the government's Notice with respect to the evidence of Evans, Sr.'s alleged continuous and broad scheme to defraud it plans to introduce at trial, the jury will hear extensive evidence of this defendant's alleged fraudulent activities over an extended period of time. As such, the court, in balancing the probative value of the stated proposed evidence and the danger of its prejudice finds that the evidence's probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[3]

---

[3]The court will also give the jury Third Circuit Model Criminal Jury Instruction §4.35 for Rule 404(b) evidence regarding the alleged other fraudulent acts of Evans, Sr. to limit any prejudice to him. Included in this charge, the court will remind the jury that defendant Evans, Sr. is on trial here only for the charges in the indictment, not for these other acts, and to caution them not to return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## IV.   CONCLUSION

For the aforementioned reasons, the defendant Evans Sr.'s motion *in limine* to preclude the government from using Rule 404(b) type evidence, **(Doc. 123)**, is **DENIED**. The government will be allowed to use the proffered evidence stated in its Rule 404(b) Notice, **(Doc. 112)**, in its case-in-chief at trial.


An appropriate Order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**


**Dated: November 12, 2021**
**19-09-03**

15