UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | 3:CR-19-09 |
| v. | : | (JUDGE MANNION) |
| **BRUCE EVANS, SR.** and **BRUCE EVANS, JR.**, | : | |
| | : | |
| **Defendants** | | |

# M E M O R A N D U M

Presently before the court is the government's November 7, 2021 Motion to Correct/Amend the Superseding Indictment, ("SI"), (Doc. 62), due to alleged inadvertent typographical errors regarding citation to NPDES Permit Sections. (Doc. 119). Specifically, the government seeks to correct and amend the SI with respect to Counts 2 and 3 claiming that "the Roman numeral "I" was omitted when citing to NPDES Permit Sections C.1 and D.2", and that "Count 2 should read Section I.C.1, and Count 3 should read Section I.D.2." Additionally, the government seeks to correct the NPDES Permit citation in Count 5 and states that it should read "Part A, Section I, rather than Section I.C.1." Finally, the government states that the NPDES "Permit citation in Counts 16 through 24 should read Part A, Section III.C.3, rather than Part B, Section I.3.C." The government maintains that "the Clean Water Act statutory citations, the language of the statute, and the

expressed language of the NPDES Permit violation, are written correctly and accurately in each Count of the Superseding Indictment sought to be amended."

On November 9, 2021, defendants Bruce Evans, Sr. and Bruce Evans, Jr., ("defendants"), jointly filed a brief in opposition to the government's motion. (Doc. 126). Defendants dispute the government's contention that all of "the errors are typographical errors and do not affect the substance of the stated charges pending against the defendants." On November 10, 2021, the government filed its reply brief in support of its motion. (Doc. 128).

Based on the following, the government's motion, **(Doc. 119)**, will be **GRANTED IN ITS ENTIRETY**.

I.   **FACTUAL AND PROCEDURAL HISTORY**[1]

On May 28, 2020, a Superseding Indictment was filed against defendants Bruce Evans, Sr., and his son, Bruce Evans, Jr. (Doc. 62). The Superseding Indictment contains 36 Counts, namely: (1) three counts under 33 U.S.C. §1319(c)(2)(A) for failure to operate and maintain in violation of a Clean Water Act permit; (2) two counts under 33 U.S.C. §1319(c)(2)(A) for discharge in violation of a Clean Water Act permit; (3) one count under 33 U.S.C. §1319(c)(2)(A) for failure

---

[1] Since the court stated the factual background of this case in its August 19, 2021 Memorandum denying defendants' motions to dismiss, it is not fully repeated herein. (Doc. 104).

to notify PA Department of Environmental Protection ("PADEP") in violation of CWA permit; (4) eight counts under 33 U.S.C. §1319(c)(2)(A) for bypassing the treatment system in violation of a CWA permit; (5) nine counts under 33 U.S.C. §1319(c)(2)(A) for failure to notify PADEP of bypasses and sewage overflows in violation of a CWA permit; (6) eight counts under 18 U.S.C. §1343 for wire fraud; (7) four counts under 18 U.S.C. §1702 obstruction of correspondence; and (8) one count of false statements in violation of the CWA under 33 U.S.C. §1319(c)(4). Evans Sr. is charged in 35 of the Counts (i.e., all Counts except for Count 6), while Evans Jr. is only charged in Counts 2-5 and 6. In Count 6, Evans Jr. is charged with false statements in violation of the CWA.

The trial in this case is scheduled to commence on November 15, 2021.

## II.    LEGAL STANDARD FOR MOTION TO AMEND AN INDICTMENT

"The Presentment Clause of the Fifth Amendment to the United States Constitution guarantees that in federal criminal prosecutions, '[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" United States v. Alcorta, 145 F. Supp.3d 357, 359-60 (M.D. Pa. 2015) (quoting U.S. Const. amend. V). "The fundamental right to indictment by grand jury was intended 'to operate substantially like its English progenitor,' the purpose of which was to 'provide a fair method for instituting

3

criminal proceedings against persons believed to have committed crimes.'" *Id*. at 360 (citations omitted). "The Fifth Amendment thus ensures that a person's jeopardy is limited 'to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.'" *Id*. (citation omitted).

Additionally, "[t]he Supreme Court has long held that it is the exclusive province of the grand jury to amend the *substance* of its indictment." *Id*. (citations omitted). However, "rigorous adherence to this principle has yielded to tolerance of *de minimis* defects in form, which are neither substantive nor prejudicial." *Id*. (citing United States v. Fawcett, 115 F.2d 764, 766 (3d Cir.1940) (holding that "a defendant is 'in no w[ay] prejudice[d]' by an amendment to form, and the Fifth Amendment permits such a change without the consent of the grand jury.")).

As such, "[a] district court may amend an indictment without consulting the grand jury when 'the change is merely a matter of form.'" *Id*. at 361 (quoting Russell, 369 U.S. at 770, 82 S.Ct. 1038; *see also* United States v. Owens, 334 F.Supp. 1030, 1031 (D. Minn. 1971)("It is now generally agreed...that amendments to an indictment as well as to information are permitted when the change concerns matters of form rather than substance.")). Thus, the court "may order amendments of a charging document that relate merely to matters of form", and "'misnomers or typographical errors' [are] the frequent and appropriate subject of prosecutorial

4

and judicial amendments." *Id*. (internal citations omitted). The court can also grant the government's motion to correct an "inadvertent typographical error." *Id*.

### III. DISCUSSION

No doubt that "an indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Stevenson, 832 F.3d 412, 423 (3d Cir. 2016) (citation omitted). At issue is whether the amendments to the SI proposed by the government concern only matters of form such as the alleged inadvertent typographical errors in the SI or whether they contain substantive changes to any of the Counts. *See* Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (Supreme Court held that it is a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form").

Initially, since defendants do not object to the government's motion to the extent that it seeks to correct and amend the SI with respect to Counts 2 and 3, the court will grant the motion as to these Counts. Simply put, the proposed amendment as to Count 2 clarifies that the alleged violation of the NPDES permit

by defendants is under Part A, Section I.C.1 thus limiting the scope of the charged criminal conduct in this Count. As to Count 3, the section of the NPDES permit alleged to have been violated by defendants in the SI, namely, Part B, Section D.2, will be amended to read Part B, Section I.D.2. In fact, defendants state that they already understood that Part B, Section I.D.2 was the Section charged in Count 3.

Thus, the government's motion will be granted with respect to the proposed changes to Counts 2 and 3 of the SI.

Defendants oppose the government's proposed amendment with respect to Count 5. The section of the NPDES permit that the defendants are presently charged with violating in Count 5 of the SI is Part A, Section I.C.1, and the government moves to amend it to properly state Part A, Section I. Defendants contend that "the change the Government seeks to make would expand the conduct charged [in Count 5] from not only Part A, Section I.C.1, [], but to all of Part A Section I, which spans 3 full pages of the NPDES permit." Defendants also essentially assert that the proposed change to Count 5 amounts to prejudice precluded by the Presentment Clause of the Fifth Amendment since it changes the substance of the crime charged and since they will be required to defend against

a broader scope of criminal conduct that expands upon "the possible bases for conviction from that which appeared in the [SI]." [2]

Surprisingly, the government offers no rational explanation for waiting one year and six months since the filing of the SI, on the eve of trial, to identify that the cited section charged in Count 5 was incorrect. At a minimum, one would have expected the government should have detected any error in the cited section when the defendants filed their motions to dismiss certain Counts, including Count 5. Nonetheless, the court finds that the amendment to the citation in Count 5 is propre and it corrects an inadvertent error. More importantly, the court finds that the substance of the charge in Count 5 is not changed since the allegations in this Count, which also incorporated paragraphs 1 though 36 of the SI, encompass violations of Part A, Section I of the NPDES permit. In fact, the allegations in Count 5 also clearly reference Part A, Section I.A of the NPDES permit and its requirements as well. (Doc. 62 at 20-22). Thus, defendants were on notice that their alleged conduct in Count 5 was in violation of Part A, Section I of the NPDES permit. See United States v. Levy, 440 F.Supp.2d 162, 164 (E.D. N.Y. 2006) (holding that "[a]n indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to

---

[2] Since defendants' brief contains the relevant portions of the NPDES permit with respect to Part A, Section I.C.1 and Part A, Section I, the court does not repeat them herein. (Doc. 126 at 6-9).

the defendant" and that, "the district court ...may make 'ministerial change[s]' to the indictment, such as to correct a misnomer or typographical errors") (citing United States v. Miller, 116 F.3d 641, 669-70 (2d Cir. 1997) ("'[T]he correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms.'")). As such, the error in the SI regarding Count 5 can be corrected since it does not unfairly prejudice the defendants.

Thus, the government's motion will be granted with respect to the proposed change to Count 5 of the SI.

Finally, the government seeks to correct Counts 16 through 24 of the SI which are charged against only Evans, Sr. for his alleged failure to notify PADEP of bypasses and sewage overflows at GTSA in violation of the NPDES permit "Part B, Section I.3.C.a. and b." (Doc. 62 at 41-43). The government moves to amend the NPDES permit violation alleged in these Counts to be Part A, Section III.C.3 as opposed to Part B, Section I.3.C.a. and b."[3] Each Count from 16 through 24 refers to a distinct date on which Evans, Sr. allegedly failed to notify the PADEP of a bypass or sanitary sewer overflow from June of 2015 to July of 2017.

---

[3] Once again since defendants' brief contains the relevant portions of the NPDES permit with respect to Part A, Section III.C.3 as opposed to Part B, Section I.C.3, the court does not repeat them herein. (Doc. 126 at 10-13).

At the outset, it cannot be ignored that Counts 16 through 24 also reference a violation of the NPDES permit "Part A, Section I.3.C.a. and b" in addition to a violation of the NPDES permit "Part B, Section I.3.C.a. and b." (Doc. 62 at 41-42). Nor can it be ignored, as Evans, Sr. points out, that "in Part B, there is no Section I.3.C. [as charged in the SI], but there is a Section I.C.3." Evans, Sr. argues that the government's proposed amendment to Counts 16-24 is not merely a correction of a technical error, such as a typographical or clerical mistake, rather, he contends that it alters the essential substance of the charge in these Counts "to state that the basis for the criminal conduct is not a violation of Part B, Section I.C.3, …, but instead, a violation of Part A, Section III.C.3, which includes 8 detailed parts and subparts …."

Thus, Evans, Sr. concludes that if the government is allowed to amend Counts 16-24 to allege violations of Part A, Section III.C.3 this change "alters the substance of the charges in [these] Counts" and allows the government "to broaden the indictment by presenting the trial jury with more *and* different offenses than the grand jury charged."

In its reply, the government counters Evans, Sr.'s arguments and points out, as this court has previously observed in its Memorandum denying the defendants' motions to dismiss some of the Counts of the SI as well in its instant Memorandum, that "the charging paragraphs in each of [Counts 16-24] contained a narrative

9

description of the alleged illegal conduct which put [Evans, Sr.] on notice of the specific alleged illegal conduct." Further, as indicated above with respect to Count 5, Counts 16-24 also incorporated the voluminous factual allegations contained in paragraphs 1 through 36, and paragraphs 56 through 107 of the 52-page SI. (Doc. 62 at 41). To avoid any possible prejudice to Evans, Sr., the government suggests that his "concerns about alleged expansion of the bases for criminal liability can be dealt with simply by ensuring that the jury instructions in this case focus on the specific actions and alleged permit violations set forth in the narrative of each charging paragraph" claiming that by doing this "there will be no possibility that the United States will seek to expand potential bases of liability, and the jury will be focused on the specific alleged acts and legal prohibitions set forth in the Superseding Indictment."

    The court finds that the factual allegations in paragraphs 1 through 36, and paragraphs 56 through 107 of the SI provide an abundance of detail regarding GTSA's NPDES permit and its many requirements and directives, including Parts A, B, C of the permit as well as the various relevant Sections under these Parts. Evans, Sr. reads Counts 16-24 too narrowly and fails to recognize the numerous factual allegations of the SI that were incorporated by reference in these Counts. Read in the context of the other stated paragraphs of the SI, the court finds that the proposed amendment to Counts 16-24 makes no material change to the

charges against Evans, Sr. and does not "alter the essential substance of the charging terms." *See* Levy, 440 F.Supp. 2d at 164. Also, "the amendment w[ill] not prejudice the defendant since "[t]he Indictment fully apprised him of the nature of the 'crime charged and the need to prepare a defense,' [since] it provided him with adequate notice of the time, specified in a narrow date range, in which the alleged [illegal conduct] took place." *Id*. at 164 This is particularly true as in this case when the charges in Counts 16-24 are viewed in conjunction with all of the factual allegations of the SI that are associated with these Counts. *See id*. In addition, there is no dispute that the federal statutes charged in Counts 16-24 and the sections Evans, Sr. is alleged to have violated are correct, namely, 33 U.S.C. Sections 1311, 1342, and 1319(c)(2)(A). Further, the court finds that any possible prejudice to Evans, Sr. that may result from the proposed amendment to Counts 16-24 can be alleviated by the jury instructions as stated by the government.[4] Thus, the government's motion will be granted with respect to the proposed change to Counts 16 through 24 of the SI.

---

[4] The court directs the government and counsel for the defendants to submit to the court proposed joint jury instructions directing the jury to "focus on the specific actions and alleged [NPDES] permit violations set forth in the narrative of each charging paragraph [of the SI]."

11

## IV. CONCLUSION

For the aforementioned reasons, the government's motion to correct/amend the Superseding Indictment, (Doc. 62), and amend the citations made to the NPDES Permit in Counts 2, 3, 5 and, 16 through 24 to reflect the correct NPDES Permit Sections, **(Doc. 119)**, will be **GRANTED IN ITS ENTIRETY**. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Dated: November 12, 2021**
19-09-04