UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 3-CR-19-09 |
| v. : | |
| | (JUDGE MANNION) |
| **BRUCE EVANS, SR. and** : | |
| **BRUCE EVANS, JR.,** | |
| : | |
| **Defendants** | |

# ORDER

On November 9, 2021, David Klepadlo filed a motion to quash the subpoena to testify at the trial served on him by defendant Bruce Evans, Sr. based on his 5th Amendment privilege. **(Doc. 132)**. The defendant opposes Klepadlo's motion.

A person such as Klepadlo claiming a privilege against self-incrimination under the 5th Amendment "must be confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." United States v. Doe, 465 U.S. 605, 614 n. 13, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984).

As such, the court will direct Klepadlo to appear in court and it will conduct a colloquy of him outside of the jury's presence. *See* U.S. v. Longstreet, 567 F.3d 911, 922 (7th Cir. 2009) ("[W]hen a witness invokes his

1

Fifth Amendment right, the district court should confirm that he 'cannot possibly incriminate himself,' and if the 'witness's testimony may make him vulnerable to prosecution, the trial court may allow him to ... refuse to testify.'"). *See also* U.S. v. Maybrok, 301 F.3d 503, 506 (7th Cir. 2002).

"Whether an individual may properly invoke the privilege against self-incrimination is a question of law, …." United States v. Rivas-Macias, 537 F.3d 1271, 1278 (10th Cir. 2008). The district court should have witness testify outside the presence of the jury to determine whether he can properly invoke the 5th Amendment. *See* U.S. v. Sapp, 721 Fed.Appx. 698, 699 (9th Cir. 2018) ("Generally, a Fifth Amendment claim must be raised in response to specific questions and a witness should not be allowed to assert a blanket claim of Fifth Amendment privilege.").

Evans Sr.'s defense counsel who subpoenaed Klepadlo will be allowed to present the witness with the questions he would ask him during the trial, outside the presence of the jury, and Klepadlo's attorney will be allowed to inform the court if Klepadlo will exercise his right against self-incrimination under the Fifth Amendment and if he will refuse to answer the questions. The court will then determine if any of the questions call for potentially incriminating responses. "[I]t is well established that a criminal defendant may not call a witness if that witness ... will merely be invoking his Fifth Amendment right not to testify." Sapp, 721 Fed.Appx. at 699 (internal

2

quotations and citations omitted). Klepadlo will not be entitled to assert his 5th Amendment privilege if it is "'perfectly clear, from a careful consideration of all the circumstances in the case,' that [he] 'is mistaken' and his answers could not 'possibly have' a 'tendency to incriminate.'" *Rivas-Macias*, 537 F.3d at 1279 (quoting *Hoffman*, 341 U.S. at 488, 71 S.Ct. 814).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. David Klepadlo is directed to appear in person before this court on **December 1, 2021**, at 9:00 A.M., or thereafter as directed by the court, pursuant to the trial subpoena served on him by defendant Bruce Evans, Sr.

2. Prior to being called as a witness, counsel for Bruce Evans, Sr. will present his proposed trial questions for Klepadlo and the court will determine if any responses to the questions would tend to incriminate Klepadlo and whether the witness will be allowed to assert his 5th Amendment privilege and refuse to answer any questions.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: November 19, 2021
19-009-10