

U.S. Department of Justice

*John Gurganus*
*United States Attorney*
*Middle District of Pennsylvania*

*Website:* *www.justice.gov/usao/pam/*
*Email:* usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *235 N. Washington Avenue, Suite 311* | *228 Walnut Street, Suite 220* | *240 West Third Street, Suite 316* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA 17701-6465* |
| *Scranton, PA 18503-0309* | *Harrisburg, PA 17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493/221-2246* | |

December 15, 2021

*Filed Electronically*

THE HONORABLE MALACHY E. MANNION
U.S. District Court for the Middle District of Pennsylvania

  Re: *United States v. Bruce Evans, Sr. and Bruce Evans, Jr. 3:cr-19-09*

Dear Judge Mannion:

  This letter sets forth the United States' perspective on jury instructions concerning the CWA permit violations at issue in this case and where the parties appear to agree and disagree.

  First, the United States reasserts its belief that the general CWA instruction contained in the United States Proposed Jury Instructions is a valid approach to CWA permit counts in this case. The United States took this instruction from ones developed by the Environmental Crimes Section, Environmental Resources and Natural Resource Division, Department of Justice.

  The United States has also examined Model Jury Instructions suggested by the Eighth and Eleventh Circuits. *See* No. 6.33 (8th Cir.) and No.0113 (11th Circuit). While worded slightly differently, these instructions involving knowing violations of a CWA permit are in keeping with the United States' approach.

  However, given that different permit violations are charged in this case, the jury instruction for each count will have to be worded differently. The United States agrees with the defendants that each count should set forth the relevant permit condition alleged to have been knowingly violated, and that each instruction should contain the full wording of the specific provision at issue. The parties differ,

however, in whether the United States must prove a discharge into a water of the United States for each and every count. The United States agrees that it must do so in counts where the charged conduct factually involves a discharge into a waterway. However, the United States does not agree that this element applies to permit violations which do not involve a discharge into a waterway, such as failure to operate and maintain, bypassing and failure to notify DEP about bypasses and sanitary sewer overflows. *See generally United States v. Sinskey*, 119 F.3d 712 (8th Cir. 1997); *United States v. Pruett*, 681 F.3d 232 (5th Cir. 2012).

In it recently filed count-specific jury instructions, the defendants' proposed jury instructions do not appear to take a consistent position regarding the elements of CWA permit violations. In addition, the United States reaffirms its position that CWA offenses are general intent crimes which do not require the United States to prove a defendant's knowledge of the specific CWA permit provision at issue. This is the view adopted by the Eighth and Eleventh Circuits in their model instructions.

The United States will file a proposed Willful Blindness instruction tomorrow morning.

We hope this information if of use to the Court.

    Respectfully submitted,

    /s/ Michelle Olshefski
    MICHELLE OLSHEFSKI
    Assistant United States Attorney

    /s/ W. Martin Harrell
    W. MARTIN HARRELL
    Special Assistant U.S. Attorney

    /s/ Patricia C. Miller
    PATRICIA C. MILLER
    Special Assistant U.S. Attorney

cc: e-filed to MDPA Dkt. #: 3:19-CR-09