

August 4, 2023

**VIA ECF**

Honorable Malachy E. Mannion
United States District Court for the
Middle District of Pennsylvania
William J. Nealon Federal Building
235 N. Washington Avenue
Scranton, PA  18503

    Re:    United States v. Bruce Evans, Sr. - No. 3:19-CR-9

Dear Judge Mannion:

    I wish to apprise the Court of a matter which may become relevant shortly after Bruce Evans Sr.'s sentencing.  This Firm is committed to Mr. Evans' representation through his sentencing. Mr. Evans communicated to me that he is unable to pay for private counsel for a direct appeal.

    Rule 109.1 of the Third Circuit expresses an expectation that counsel continue in the case absent extraordinary circumstances. *See* 3rd Cir. LAR 109.1 enclosed.

    Mr. Evans requested that I submit to Your Honor via electronic mail, an executed CJA-23 in support of Mr. Evans' request for the appointment of counsel by the Court immediately after Mr. Evans' sentencing in this case.

                                                               Respectfully,

                                                              Patrick A. Casey

PAC:smf
Enclosure
cc:    Bruce Evans Sr. (via electronic mail) (w/ enclosure)

425 Spruce Street, Suite 200 • Scranton, PA 18503  |  240 North Third Street, 5th Floor • Harrisburg, PA 17101
P: 570-342-6100 • F: 570-342-6147  |  P: 717-553-6251

www.mbklaw.com

> United States Code Annotated
> > United States Court of Appeals for the Third Circuit
> > > Third Circuit Local Appellate Rules
> > > > Miscellaneous--Third Circuit Local Appellate Rules

3rd Cir. LAR, Rule 109.0, 28 U.S.C.A.

Rule 109.0 Counsel in Direct Criminal Appeals

Currentness

**109.1 Trial Counsel to Continue Representation on Appeal**

Trial counsel in criminal cases, whether retained or appointed, are expected to continue on appeal absent extraordinary circumstances. After the entry of an order of judgment, counsel will not be permitted to withdraw from a direct criminal appeal without specific leave of this court. Trial counsel not members of the bar of this court must promptly move for admission pursuant to 3d Cir. L.A.R. 46.1.

Source: None

Cross-References: None

Committee Comments: 3d Cir. L.A.R. Misc. 109.1 is designed to remind trial counsel in criminal cases that they are expected to continue the representation of their clients through appeal. "Trial counsel" includes counsel who have represented a client at pretrial, plea or sentencing proceedings.

**109.2 Motions by Trial Counsel to Withdraw Representation**

**(a)** Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar. The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.

**(b)** In cases in which a motion to withdraw filed by counsel appointed under the Criminal Justice Act has been granted after the filing of a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), the court in its decision determining the case may state that the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court. In such a case counsel is under no obligation to file a petition. In all other cases in which counsel appointed under the Criminal Justice Act is of the opinion, in his or her professional judgment, that no issues are present which warrant the filing of a petition for writ of certiorari in the Supreme Court, counsel must promptly file with the court of appeals a motion stating that opinion with particularity and requesting leave to withdraw. See *Austin v. United States,* 513 U.S. 5 (1994). Any such motion must be served on the appellant and the United States.

**(c)** If the court is of the opinion in a case in which counsel has been appointed under the Criminal Justice Act that there are no issues present which warrant the filing of a petition for writ of certiorari, the court may include a statement to that effect in its decision and counsel may thereafter file the appropriate motion to withdraw. Any such motion must be served on the appellant and the United States. The absence of a statement by the court with respect to the merit of issues which might be presented to the Supreme Court must not be construed as an indication of the opinion of the court of appeals of merit or lack of merit of any issue.

Source: None

Cross-References: Third Circuit Criminal Justice Act Plan, Chapter 3

Committee Comments: New provision in 1995. 3d Cir. L.A.R. Misc. 109.2 sets out for the first time the procedure by which trial counsel may withdraw from a non-meritorious criminal appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Addition of sections (b) and (c) was made in response to *Austin v. United States*, 513 U.S. 5 (1994). Subsection (a) was revised in 2008 to conform with *United States v. Marvin*, 211 F.3d 778, 782 n.4 (3d Cir. 2000).

**CREDIT(S)**
[Effective December 15, 2008.]

<Federal Rules of Appellate Procedure also govern procedure in appeals to United States courts of appeals>

U. S. Ct. of App. 3rd Cir. Rule 109.0, 28 U.S.C.A., CTA3 Rule 109.0
Including Amendments Received Through 6-1-23

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.