UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:CR-19-09 |
| v. | : | (JUDGE MANNION) |
| BRUCE EVANS, SR. | : | |
| Defendant | : | |

### MEMORANDUM

Before the court are the parties' briefs on the issue of restitution. For the reasons set forth below, the court orders Defendant to pay restitution of $3,234.00 for the labor of George Everett, $678.00 for the educational, test taking, and hotel costs of Bruce Evans Jr., and $91,372.22 for the legal fees of the GTSA directly and proximately caused by Defendant's crimes.[1]

**I.   Background**

Defendant, Bruce Evans Sr. was a Greenfield Township Supervisor, a Greenfield Township Sewer Authority Board Member, and Manager of the Greenfield Township Sewer Authority (GTSA). On December 17, 2021,

---

[1] The court emphasizes that the taxpayers of Greenfield Township through the GTSA bore the costs of the legal fees at issue. The individual members of the GTSA board did not pay for their legal fees out-of-pocket and will not receive any benefit from this restitution, nor should they given their actions and inactions in this matter.

Defendant was convicted of (1) three counts under 33 U.S.C. §1319(c)(2)(A) for failure to operate and maintain in violation of a Clean Water Act (CWA) permit; (2) two counts under 33 U.S.C. §1319(c)(2)(A) for discharge in violation of a CWA permit; (3) one count under 33 U.S.C. §1319(c)(2)(A) for failure to notify PA Department of Environmental Protection ("PADEP") in violation of a CWA permit; (4) six counts under 33 U.S.C. §1319(c)(2)(A) for bypassing a treatment system in violation of a CWA permit; (5) nine counts under 33 U.S.C. §1319(c)(2)(A) for failure to notify PADEP of bypasses and sewage overflows in violation of a CWA permit; (6) four counts under 18 U.S.C. §1343 for wire fraud; and (7) four counts under 18 U.S.C. §1702 obstruction of correspondence. (Doc. 173).

Defendant was sentenced on August 8, 2023, to a term of twenty four (24) months in federal prison. (Doc. 234) At sentencing Defendant conceded that the court has proper authority to order restitution of $3,234.00 for the labor of George Everett and $678.00 for the educational, test taking, and hotel costs of Bruce Evans Jr. (Doc. 245) Defendant objected to the Government's request for restitution of the GTSA legal fees associated with the investigation and prosecution of Defendant's crimes. Id. The court deferred ruling on restitution and directed the Government and Defendant to

file briefs in support of their respective positions on or before August 25, 2023.

## II. Discussion

The Government seeks restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §3663A, which applies to Defendant's fraud counts, and the Victim and Witness Protection Act (VWPA), 18 U.S.C. §3663, which applies to Defendant's CWA counts, for two categories of losses incurred by the GTSA: the loss incurred by the GTSA as a result of Defendant's fraud schemes and the loss incurred in investigating and providing legal counsel to represent itself and individual board members during the investigation into Defendant's criminal conduct. (Doc. 246) At sentencing Defendant conceded that the court had authority to order restitution for losses in the first category (i.e., losses associated with the labor of George Everett and educational endeavors of Bruce Evans Jr.) but Defendant argues that legal fees are not recoverable under the MVRA. (Doc. 245) Defendant does not address whether such fees are recoverable under the VWPA. Still the issue presented to the court is whether legal fees are recoverable under the MVRA and VWRA.

### A. Legal Standard

#### i. MVRA

The MVRA applies only to certain types of crimes, including an offense "in which an identifiable victim ... has suffered a physical injury or pecuniary loss." 18 U.S.C. §3663A(c)(1)(B). Under the MVRA, the "term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. §3663A(a)(2). Moreover, the statute provides that, "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, [a victim includes] any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." Id. Additionally, the statute contemplates expanding the definition of victim, mandating the court order restitution to persons other than the victims of the offense if so agreed to by the parties in a plea agreement. 18 U.S.C. §3663A(a)(3).

The plain language of the statute requires an entity be "directly and proximately harmed" by the defendant's criminal conduct to be considered a victim for whom restitution must be ordered. The Third Circuit interpreted "direct" harm to the victim to mean a harm that is "closely related to the scheme, rather than tangentially linked." *United States v. Kones*, 77 F.3d 66, 70 (3d Cir. 1996). Furthermore, in *United States v. Fallon*, the Third Circuit

- 4 -

adopted a two-prong test in determining whether the harm suffered is a direct result from the criminal conduct of a defendant and whether restitution is appropriate. 470 F.3d 542, 549 (3d Cir. 2006) (quoting *United States v. Vaknin*, 112 F.3d 579, 589 (1st Cir. 1997)). The first prong states that "[r]estitution should not be ordered in respect to a loss which would have occurred regardless of the defendant's conduct." *Id.* The second prong of analysis asks the court to consider that "[e]ven if but for causation is acceptable in theory, limitless but for causation is not. Restitution should not lie if the conduct underlying the offense of conviction is too far removed, either factually or temporally, from the loss." *Id.*

After defining the victims entitled to restitution, the court must "order restitution to each victim in the full amount of each victim's losses ... without consideration of the economic circumstances of the defendant." 18 U.S.C. §3664(f)(1)(A). The "proper amount of restitution is the amount wrongfully taken by the [d]efendant." *United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011). Restitution must be limited to "an amount pegged to the actual losses suffered by the victims of the defendant's criminal conduct," and "based upon losses *directly* resulting from such conduct." Id. (emphasis in original) (quoting *Gov't of V.I. v. Davis*, 43 F.3d 41, 45 (3d Cir. 1994)). If the victim's loss is at issue, the government has the "burden of demonstrating

the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. §3664(e); *United States v. Lopez*, 503 Fed.Appx. 147, 149 (3d Cir. 2012).

### ii. VWRA

The VWPA provides that "a defendant convicted of an offense" may be ordered to "make restitution to any victim of such offense." Restitution ordered under the VWPA is designed to compensate victims for their losses, rather than to serve retributive or deterrent purposes. *Gov't of Virgin Islands v. Davis*, 43 F.3d 41, 47 (3d Cir. 1994). A court has broad discretion in ordering restitution under the VWPA, *United States v. English*, 92 F.3d 909, 916 (9th Cir. 1996), and the VWPA does not mandate restitution in all circumstances. *United States v. Owens*, 901 F.2d 1457, 1459 (8th Cir. 1990). The burden of demonstrating the amount of loss under the VWPA is on the Government, and any dispute regarding the proper amount is to be resolved by a preponderance of the evidence. 18 U.S.C. §3664(e); *see also United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007).

In addition, "[t]he VWPA implicitly requires the district judge to balance the victim's interest in compensation against the financial resources and circumstances of the defendant—all while remaining faithful to the usual rehabilitative, deterrent, retributive and restrictive goals of criminal

- 6 -

sentencing." *United States v. Bruchey,* 810 F.2d 456, 458 (4th Cir. 1987). The balance of these factors in each particular case may not necessarily warrant restitution. *Owens,* 901 F.2d 1457, 1459 (8th Cir. 1990).

**B. Analysis**

    i.    **MVRA**

As the Government notes in its brief Defendant has proffered no argument that the GTSA is not a "victim" of his criminal conduct or that his crimes did not cause the GTSA to incur the costs the Government seeks as restitution. Defendant only asserts that legal fees are not recoverable under the MVRA. The MVRA requires a defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during the participation in the investigation or prosecution of the offense." 18 U.S.C. §3663(A)(b)(4). Defendant cites two cases interpreting this provision to support its argument. In *Lagos v. United States*, the Supreme Court found that the MVRA does "not cover costs of private investigation into defendant's wire fraud that victim chose on its own to conduct <u>before</u> government investigation, although victim shared with the government the information that its private investigation uncovered." 138 S. Ct. 1684. (emphasis added). Likewise in *United States v. Koutsostamais*, the Fifth Circuit found digital security team expenses incurred by the victim

- 7 -

during participation in FBI wire fraud investigation did not constitute "'other expenses' within meaning of Mandatory Victims Restitution Act (MVRA), since they were not remotely similar to listed expenses of lost income, child care, or transportation." 956 F 3d 301, 311 (5th Cir. 2020)

This case is distinguishable from *Lagos* because the expenses at issue were incurred <u>after</u> a government investigation began. The GTSA and individual board members were notified early in the investigation into Defendant's conduct that they were targets. As such they were placed in criminal jeopardy and required legal representation. While defending itself and its board members the GTSA (and in turn Greenfield Township taxpayers) incurred thousands of dollars in legal fees. The fees from that representation were clearly incurred <u>after</u> the investigation began and as such are covered by the MVRA.

Likewise, *Koutsostamais* is no more binding on this court than *United States v. Afriyie* a Second Circuit case that found the MVRA does cover legal fees incurred helping the government criminally investigate and prosecute a defendant. The GTSA, its board members, and employees all cooperated with law enforcement pursuant to proffer agreements negotiated by their attorneys. This cooperation revealed that Defendant defrauded the GTSA and individual board members by lying to them, misrepresenting the

condition of facilities, allowing the submission of false documents to the state, and concealing repeated notices of CWA violations. Thus, while neither *Koutsostamais* nor *Afriyie* are binding the case at bar is certainly more analogous to the latter than it is the former.

Although also not binding, the Middle District of Pennsylvania has previously addressed this issue in *United States v. Dodd*, 978 F.Supp.2d 404 (M.D. Pa. 2013). In *Dodd*, Judge Sylvia Rambo provides a detailed analysis of restitution under the MVRA, including attorney's fees under 18 USC §3663A(b)(4) and rejected an argument similar to the one raised here noting "[d]efendant's argument assumes the existence of a bright-line rule prohibiting restitution for attorney's fees. Such a rule does not exist." 978 F. Supp.2d 404 at 422. Instead, "the proper question is not whether attorney's fees can be the subject of an award, but whether the attorney's fees incurred were a loss directly resulting from the offense, or a consequential loss." *Id.* As previously noted the GTSA's legal fees were the direct result of defendant's criminal conduct. But for defendant's criminal conduct the GTSA would not have been subject to a criminal investigation, needed to hire attorneys, or pay the fees sought as restitution here. The loss is also not factually or temporally removed from Defendant's conviction.

Since the GTSA was directly and proximately harmed by Defendant's criminal conduct, it is a victim under the MVRA and entitled to restitution including legal fees it incurred during the government's investigation into Defendant's criminal conduct. Accordingly, the court will order Defendant to pay $3,234.00 for the labor of George Everett, $678.00 for costs associated with Evans, Jr.'s educational endeavors; and $91,372.22[2] in attorney's fees associated with the investigation and prosecution of the defendant's crimes.

### ii.    VWRA

Since the court is required to order restitution under the MVRA, the court need not address the government's request under VWRA.

### III.    Conclusion

Based on the foregoing, the court will award restitution to the GTSA in the total amount of $95,284.22.

MALACHY E. MANNION
United States District Judge

DATE: November 2, 2023

---

[2] $91,372.22 is the amount in legal fees requested by the GTSA. (Doc. 212, p. 29). This amount is lower than the $127,011.95 requested by the Government at sentencing. (Doc. 246) However, since the lower amount is the actual loss suffered by the victim, as supported by invoices filed under seal, the court will order restitution in that amount.